UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NA'IM ABDUL-MATEEN a/k/a
RONALD BENNETT # 148380,

                Petitioner,                No. 96-75614

vs.                                        Hon. Gerald E. Rosen

JERRY HOFBAUER,

                Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

       At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____

       PRESENT:   Honorable Gerald E. Rosen
                            United States District Chief Judge

This matter is presently before the Court on the request of the Sixth Circuit Court of Appeals for a ruling on the Motion for a Certificate of Appealability which Petitioner Na-im Abdul-Mateen filed together with his Notice of Appeal on September 5, 2012, appealing the denial of his Fed. R. Civ. P. 60(b)(6) Motion for Relief from Judgment.

Na-im Abdul-Mateen a/k/a Ronald Bennett was convicted in 1979 of first degree murder and possession of a firearm during the commission of a felony. His conviction was subsequently overturned by the Michigan Court of Appeals and, in 1983, he was retried and once again convicted on both charges. The Michigan Court of Appeals

affirmed the convictions and the Michigan Supreme Court denied leave to appeal. In 1996, Abdul-Mateen filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which this Court denied on September 25, 1998. The Sixth Circuit Court of Appeals affirmed. *See Abdul-Mateen v. Hofbauer*, 215 F.3d 1325, 2000 WL 676653 (6th Cir. 2000) (Table). The Supreme Court denied Abdul-Mateen's petition for a writ of certiorari. *See Abdul-Mateen v. Hofbauer*, 531 U.S. 933 (2000). Thereafter, Abdul-Mateen twice attempted to file a second or successive habeas corpus petitions, in 2004 and 2008. Both times, the Sixth Circuit denied his request.

Three years after his last failed attempt to obtain § 2254 relief and nearly 14 years after this Court denied his original habeas corpus petition, on March 2, 2012, Abdul-Mateen moved, pursuant to Fed. R. Civ. P. 60(b)(6), to set aside the Court's original September 25, 1998 Order denying his Petition for a Writ of Habeas Corpus arguing that the Court failed to properly rule on his Sixth Amendment ineffective assistance of trial counsel and the Fourth Amendment claims asserted in his Petition.

Finding that Petitioner had done nothing more than re-hash the arguments he had made in his original habeas corpus petition which had already been rejected at both the district court and the appellate court level, and further finding that, to the extent that Petitioner had raised any new theories related to these arguments, he failed to show how these theories could not have been raised in his original 2254 petition or his petitions to the Court of Appeals, the Court concluded that Petitioner failed to establish such

extraordinary circumstances that would justify Rule 60(b)(6) relief.

Before a habeas corpus petitioner may appeal a district court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that

3

jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, *supra* at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As explained in the Court's August 21, 2012 Order denying Petitioner's Motion for Relief from Judgment [Dkt. # 85], Petitioner's claim that the Court failed to properly rule on his Sixth Amendment ineffective assistance of trial counsel and the Fourth Amendment claims asserted in his original habeas corpus petition was summarily rejected because Petitioner failed to establish any extraordinary circumstances that would justify relief pursuant to Fed. R. Civ. P. 60(b)(6).

After reviewing the Court's ruling and having carefully considering the record of this matter, the Court finds that jurists of reason would not find the Court's assessment of Petitioner's Rule 60(b)(6) Motion for Relief from Judgment to be debatable or wrong. *See Slack, supra*, 120 S.Ct. at 1604. Therefore, the Court concludes that Petitioner is not entitled to a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED that no Certificate of Appealability should issue for

purposes of Petitioner's appeal of the Court's denial of his March 2, 2012 Motion for

Relief from Judgment.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  January 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 16, 2013, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager